**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID EARL BRAI, | : | PRISONER ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN REGIONAL | : | CIVIL ACTION NO. |
| MEDICAL CENTER, et al., | : | 1:13-CV-1597-TWT-JFK |
|     Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, David Earl Brai, confined in Macon State Prison in Oglethorpe, Georgia, has submitted a *pro se* civil complaint, which the Clerk of Court docketed as a mandamus action. Plaintiff has paid the filing and administrative fees, and the matter is before the Court on the complaint, (Doc. 1), for review.

**I.  Discussion**

Generally, this Court performs a preliminary review of prisoner complaints before service of process on defendants to determine whether the action is frivolous, malicious, fails to state a claim, or seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (requiring screening of prisoner complaints against governmental officials); 42 U.S.C. § 1997e(c) (governing review of actions brought by a prisoner with respect to prison conditions); 28 U.S.C. §1915(e)

(governing review of *in forma pauperis* actions).  However, these screening provisions are inapplicable because Plaintiff is not proceeding in forma pauperis, Defendants are not governmental employees or officials, and this action does not complain of prison conditions.  Notwithstanding, the Court has a duty *sua sponte* to ensure that it has jurisdiction to entertain a plaintiff's claims.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-11 (11th Cir.1999).  "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff brings this action against the Southern Regional Medical Center, Dr. Nora McNeil, Jane Doe, and John Doe.[1]  (Doc. 1).  Plaintiff complains that his wife, Lee Ann Brai, was admitted to the Southern Regional Medical Center in May 2011, received a series of tests and drugs, and was suddenly transported to Emory hospital, where she arrived dead.  (Id.).  Plaintiff claims that Defendants were grossly negligent, and he seeks damages based on wrongful death and medical negligence.  (Id.).

---

[1] The Southern Regional Medical Center is located in Riverdale, Georgia.

Plaintiff's wrongful death and medical malpractice claims are state law claims. See O.C.G.A. § 51-4-2 (wrongful death), O.C.G.A. § 51-13-1 (medical malpractice). Plaintiff identifies no federal or constitutional provision that applies to his claims or any specific statutory grant of federal jurisdiction, and the Court is aware of none. See Lewis ex rel. Lewis v. Stevenson, 123 F. App'x 885, 887 (10th Cir. 2005) ("Ms. Lewis has asserted only state law claims for medical malpractice and wrongful death, claims over which the district court correctly ruled it lacked subject-matter jurisdiction.")

Further, the Court is without diversity jurisdiction. A district court has jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff and Defendants are all domiciled in Georgia, and in the absence of complete diversity, there is no basis for diversity jurisdiction under § 1332. Accordingly, dismissal of this action for lack of federal subject matter jurisdiction is proper.

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED**, this 19th day of July, 2013.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE